IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02892-DME-KLM

KEVIN MCGLOTHLEN, and
LISA MCGLOTHLEN,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Testimony of Plaintiff's Retained Expert Witness Stephen Mack** [Docket No. 27; Filed December 19, 2012] (the "Motion"). In fulfillment of its Local Rule 7.1A. conferral obligation, Defendant states that Plaintiffs indicated their opposition to the Motion prior to its filing. However, Plaintiffs have not filed a Response to the Motion.

In the Motion, Defendant argues that the Court should strike the testimony of Plaintiffs' retained expert witness Stephen Mack ("Mack") because his report is neither timely nor adequate.[1] The affirmative expert disclosure deadline was April 16, 2012. *Minute Order* [#13]. The rebuttal expert disclosure deadline was May 14, 2012. *Id.* On October 15, 2012, Plaintiffs disclosed Mr. Mack as an expert for the first time in this

---

[1] Because the Court decides the Motion on the basis of timeliness, it does address the adequacy of Mr. Mack's report.

-1-

litigation. *Motion* [#27] at 2. Plaintiffs had not sought an extension of the expert disclosure deadlines in order to make timely their disclosure. The discovery deadline passed on October 26, 2012, eleven days after Plaintiffs' disclosure of Mr. Mack. *Scheduling Order* [#10] at 8.

Defendant asserts in part that it is prejudiced by Plaintiffs' disclosure of Mr. Mack so close to the discovery deadline and that Mr. Mack's testimony should therefore be stricken. However, Defendant could have requested an extension of the discovery deadline in order to accommodate its asserted need for additional discovery regarding Mr. Mack's report, but it chose not to do so. Regardless, the Court agrees with Defendant's argument relating to the fact that Plaintiffs disclosed Mr. Mack long after the deadlines set by the Scheduling Order, as amended. As succinctly stated by another judge in this district:

> [D]eadlines established by the court in the Scheduling Order and otherwise cannot be viewed as merely aspirational. *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) ("Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires."). The failure of a party to disclose an expert pursuant to the deadline established by this court is grounds for exclusion of the expert witness. *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 895 (10th Cir. 2006); Fed. R. Civ. P. 37(c)(1). For this reason, the Plaintiffs' experts should be stricken[.]

*Rucinski v. Torian Plum Condo. Owners Ass'n, Inc.*, No. 08-cv-02798-PAB-MJW, 2010 WL 2985604, at *2 (D. Colo. July 26, 2010). Similarly, here, Plaintiffs made no attempt to obtain the Court's permission to amend the Scheduling Order to allow for the disclosure of Mr. Mack in a timely manner. Although their submission states that they were offering a supplemental disclosure, the document is a new disclosure of a new expert witness and therefore was subject to the deadlines set forth in the Scheduling Order, as amended. *See*

*Ex. A to Motion, Pl.'s Supp. Fed. R. Civ. P. 26(a)(2) Disclosures* [#27-1] at 1-2.

Accordingly, because Plaintiffs failed to follow the Court's Order,

    IT IS HEREBY **ORDERED** that the Motion [#27] is **GRANTED**.

    IT IS FURTHER **ORDERED** that Mr. Mack's testimony is **STRICKEN** in its entirety.

Dated:  February 14, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge